```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                         Case No. 18-03570-JJT
Chenell Nyree Ragin                                                            Chapter 13
         Debtor
                                   CERTIFICATE OF NOTICE
District/off: 0314-5          User: KADavis                Page 1 of 1              Date Rcvd: Oct 04, 2018
                              Form ID: pdf002              Total Noticed: 18
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 06, 2018.
```
db             +Chenell Nyree Ragin,    715 Franklin Ct,    East Stroudsburg, Pa 18302-6673
5111419        +Blue Ridge Communications,    PO Box 316,    Palmerton, PA 18071-0316
5100515        +Carrington Mortgage Se,    1600 S Douglass Rd Ste 2,    Anaheim, CA 92806-5951
5100516        +Citi,   Po Box 6241,    Sioux Falls, SD 57117-6241
5100517        +Country Club of the Poconos,     1445 Big Ridge Dr,    East Stroudsburg, PA 18302-6786
5100519         First Premier Bank,    PO Box 5524,    Sioux Falls, SD 57117-5524
5100520        +Geico,    5260 Western Avenue,    Chevy Chase, MD 20815-3799
5100521        +I C System,    Po Box 64378,    Saint Paul, MN 55164-0378
5100522        +Middle Smithfield Township,     147 Municipal Drive,    East Stroudsburg, PA 18302-9519
5111428         New York State Taxation & Finance Department,     Harriman Campus Rd,    Albany, NY 12226
5100523        +Pennsylvania Department of Revenue,     PO Box 281041,    Harrisburg, PA 17128-1041
5100524        +Reliant Capital,    670 Cross Pointe Rd,    Columbus, OH 43230-6862
5100526        +Usd/Glelsi,    Po Box 7860,    Madison, WI 53707-7860
5100527        +Wells Fargo Bank,    Po Box 14517,    Des Moines, IA 50306-3517
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5100518        +E-mail/PDF: creditonebknotifications@resurgent.com Oct 04 2018 19:12:31      Credit One Bank,
                 585 S. Pilot Street,    Las Vegas, NV 89119-3619
5109010         E-mail/PDF: cbp@onemainfinancial.com Oct 04 2018 19:13:08      ONEMAIN,    PO BOX 3251,
                 EVANSVILLE, IN. 47731-3251
5111429         E-mail/Text: Joanna.Johnson@pennfoster.edu Oct 04 2018 19:08:30      Penn Foster,    925 Oak St,
                 Scranton, PA 18515
5104604         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 04 2018 19:08:42
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, PA   17128-0946
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5100525         Tolls By Mail,    PO Box 15183
5111432         Tolls By Mail,    PO Box 15183
5111420*       +Carrington Mortgage Se,    1600 S Douglass Rd Ste 2,    Anaheim, CA 92806-5951
5111421*       +Citi,   Po Box 6241,    Sioux Falls, SD 57117-6241
5111422*       +Country Club of the Poconos,     1445 Big Ridge Dr,    East Stroudsburg, PA 18302-6786
5111423*       +Credit One Bank,    585 S. Pilot Street,    Las Vegas, NV 89119-3619
5111424*        First Premier Bank,    PO Box 5524,    Sioux Falls, SD 57117-5524
5111425*       +Geico,    5260 Western Avenue,    Chevy Chase, MD 20815-3799
5111426*       +I C System,    Po Box 64378,    Saint Paul, MN 55164-0378
5111427*       +Middle Smithfield Township,     147 Municipal Drive,    East Stroudsburg, PA 18302-9519
5111430*       +Pennsylvania Department of Revenue,     PO Box 281041,    Harrisburg, PA 17128-1041
5111431*       +Reliant Capital,    670 Cross Pointe Rd,    Columbus, OH 43230-6862
5111433*       +Usd/Glelsi,    Po Box 7860,    Madison, WI 53707-7860
5111434*       +Wells Fargo Bank,    Po Box 14517,    Des Moines, IA 50306-3517
                                                                                    TOTALS: 2, * 12, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 06, 2018                                      Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 4, 2018 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              Patrick James Best    on behalf of Debtor 1 Chenell Nyree Ragin patrick@armlawyers.com,
               kate@armlawyers.com;G29239@notify.cincompass.com;notices@nextchapterbk.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: Chenell Nyree Ragin : CHAPTER 13
:
: CASE NO. 5:18-bk-03570-JJT
:
: X ORIGINAL PLAN
: ___ AMENDED PLAN
: ___ Motions to Avoid Liens
: 1 Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   **A. Plan Payments From Future Income**

   1. To date, the Debtor paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $72,517.50, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Over Plan Tier |
|---|---|---|---|---|---|
| Month 1 (9/2018) | Month 60 (7/2023) | $1,208.63 | | $1,208.63 | $72,517.80 |
| | | | | Total Payments: | $72,517.80 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is **$8,925.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   Check one of the following two lines.

   ☒ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

2. **SECURED CLAIMS.**

   **A. Pre-Confirmation Distributions.** *Check one.*

   ☒ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

   **B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

   ☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced.

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **Carrington Mortgage Services** | **Residential Dwelling** | **3185** |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.
☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be Paid in Plan |
|---|---|---|---|---|
| **Carrington Mortgage Services** | **Residential Dwelling** | **$54,000** | **0.00** | **$54,000** |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check one.*

☒ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at

the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| **Country Club of the Poconos** | **Residential Dwelling** | 0.00 | 0.00 | 0.00 | Plan |

**F. Surrender of Collateral**. *Check one*.

☒ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens.** *Check one*.

☒ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

**3. PRIORITY CLAIMS.**

**A. Administrative Claims**

    1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. Attorney's fees. Complete only one of the following options:

        a. In addition to the retainer of $600.00 already paid by the Debtor, the amount of $3,400.00 in the plan **($3,400.00 remaining attorney fee plus $0.00 for reimbursement of expenses)**. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines*.

    ☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

**B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

☐ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

☒ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9

| Name of Creditor | Estimated Total Payment |
|---|---|
| PA Dept of Revenue | $3,000.000 |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4.  UNSECURED CLAIMS**

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

**6.  VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☒ plan confirmation.
☐ entry of discharge.
☐ closing of case.

**7.  DISCHARGE: (Check one)**

☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
 Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**


Dated:9/7/2018                                    /s/ Patrick J. Best, Esq._____
                                                  Attorney for Debtor

                                                  /s/ Chenell Nyree Ragin
                                                  Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.